**Fred P. Heitman, Appellee, v. William C. Diercks, Appellant.**

**Gen. No. 33,744.**

Opinion filed March 5, 1930.

WILLIAM T. PRIDMORE, for appellant.

WILLIAM B. BERGER, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from a judgment of $150 in a case of the fourth class in the municipal court of Chicago. Plaintiff, a real estate broker, claimed $150 from defendant as a commission for negotiating a loan upon real estate of defendant in Chicago.

The dispute engendered into this controversy is encompassed within the second paragraph of defendant's affidavit of defense which is as follows:—

"Second: That plaintiff's solicitor secured an application blank and upon the express promise of said solicitor to defendant that said solicitor would hold said signed blank until defendant directed him to complete said application, defendant did sign said application in blank and that within a few days thereafter defendant notified plaintiff that defendant would not make application for any loan from plaintiff and that

defendant has never authorized or directed the said solicitor or any other person to fill in the said application blank so signed by defendant as aforesaid and that defendant therefore denies that the application described in the amended statement of claim is his deed.''

Plaintiff offered the application for a loan in evidence, which was admitted against defendant's objection. He called defendant to the stand under section 33 of the Municipal Court Act, Cahill's St. ch. 37, ¶ 421, and by him proved the authenticity of the defendant's signature to the application for a loan and then rested his case.

Defendant sought to introduce evidence to the effect that the application for a loan was signed by him in blank and that plaintiff was to hold the same for further instructions from defendant, but that instead of so doing plaintiff, without any authority from defendant, filled in the blank spaces in writing in the application, and without any authority proceeded to negotiate a loan of $5,000 upon certain of his Chicago real estate.

Defendant further attempted to show by evidence that the loan contemplated to be negotiated by plaintiff upon defendant's property was to replace an existing loan thereon which did not expire until six months after plaintiff claimed to have negotiated the loan upon defendant's property. All proffers of proof by defendant to so establish were upon objection of plaintiff denied, to which rulings of the court defendant preserved in due form exceptions. Such offers of proof were made by defendant not for the purpose of varying the terms of the application, but to prove that the application for a loan was delivered to plaintiff under the agreement and understanding that plaintiff would hold the same until he heard further from defendant.

The court excluded such proffers of testimony upon the theory that defendant sought thereby to change and

vary the terms of the application, and that a written document could not be changed or varied by parol. If defendant had sought to vary the written application by parol evidence *de hors* the writing, this ruling of the court would not have been subject to the objection made, but such was not the end sought by the testimony proffered. After sustaining the objections to defendant's offer of evidence, the court on motion of plaintiff instructed the jury to find the verdict found in the record, upon which the court entered a judgment. The questions interposed by defendant's offer of proof, were of fact, and should have been submitted to the jury for their finding. As held in *Kilcoin v. Ortell,* 302 Ill. 531:

"A written contract may fail to become binding for want of delivery. Possession of the contract by the party seeking to enforce it is presumptive evidence of its delivery but not conclusive. Evidence 'tending to prove fraud in obtaining possession, or that it was, in fact, never delivered, is always admissible, and this has been held to be so in actions at law."

In case, *supra,* the court further said:

"The rule that contemporaneous oral statements cannot be heard to alter or vary the terms of a written instrument presupposes execution and delivery of the writing with intent to bind the parties by its terms. (17 Cyc. 701.) A delivery on condition is not a complete delivery until the condition is fulfilled. (13 Corpus Juris, 307.)"

The application bears integral evidence of the fact that it was not contemplated that the loan should be made at the date which plaintiff claims he negotiated the loan and earned his commission. The application was dated February 27, 1928, and there is this limitation upon it: "Straight for five years. Interest to start September 15, 1928." The application further recites that the existing loan matures September 20,

1928. This is the date when the then existing loan matured. It follows that if the application, being executed in blank, was delivered conditionally, then defendant had a right to prove what the condition was, and to explain the fact, if such is a fact, that the blanks in the application were filled in by plaintiff, or by some other person authorized by him so to do, without authority or right. The affidavit of defense has the force and effect of a plea denying the execution of the application. Consequently the court should have heard proof proffered to sustain such averment of the affidavit. *Biederman v. O'Conner,* 117 Ill. 493.

If it should appear upon the new trial hereby awarded that the $5,000 loan was to be made to take up the existing loan, which matured September 20, 1928, or thereabouts, and that question is submitted to the jury, as it ought to be under proper proofs, and that defense is sustained by defendant's proofs, then and in that event plaintiff would not be entitled to recover the commission claimed in this action.

The court committed errors in the manner hereinabove pointed out, and for such errors the judgment of the municipal court is reversed and the cause is remanded for a new trial in accord with the views in this opinion expressed.

*Reversed and remanded.*

WILSON, P. J., and RYNER, J., concur.